**United States Bankruptcy Court**
**District of South Dakota**



**Charles L. Nail, Jr.**
**Bankruptcy Judge**

_____

Federal Building and United States Post Office          Telephone: (605) 945-4490
225 South Pierre Street, Room 211                              Fax: (605) 945-4491
Pierre, South Dakota  57501-2463

September 27, 2007

Trustee Dale A. Wein
Post Office Box 1329
Aberdeen, South Dakota  57402-1329

Thomas M. Tobin, Esq.
Attorney for Debtors
Post Office Box 1456
Aberdeen, South Dakota  57402-1456

Slater Oil & L.P. Gas
Kent Slater, President
Post Office Box 700
McLaughlin, South Dakota  57642-0700

     Subject:     ***In re Kent M. and Elsie K. Heid***
                      Chapter 13, Bankr. No. 03-10435

Dear Trustee Wein, Mr. Tobin, and Mr. Slater:

     The matter before the Court is Trustee Dale A. Wein's Notice of Eligibility for Discharge.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052 and 9014(c).  As set forth below, Debtors are eligible for a discharge.

     *Summary of material facts.*  Kent M. and Elsie K. Heid ("Debtors") filed a chapter 13 petition in bankruptcy on December 10, 2003.  On December 12, 2003, the Bankruptcy Clerk of Court served a notice of commencement of case on creditors and other parties in interest, which included "Slater Oil & LP" in McLaughlin, South Dakota.  The notice advised recipients of the date, time, and place of the meeting of creditors, and the deadline for filing an objection to Debtors' proposed repayment plan.

     Debtors filed their proposed repayment plan on December 30, 2003 and served it on creditors and other parties in interest.  New Holland Credit, LLC and Trustee Wein timely filed objections to the plan.  West River Aerial, Inc. and the Farm Service Agency filed late objections. Several confirmation hearings were held. At the

In re Heid
September 27, 2007
Page 2

confirmation hearing on May 25, 2004, the parties reported the objections had been resolved. The Court directed Debtors to prepare and submit a Plan as Confirmed. Debtors did so, but it had to be vacated due to a subsequent dispute between Debtors and the Farm Service Agency. That dispute was resolved at a hearing on July 20, 2004, and Debtors were again directed to prepare and submit a Plan as Confirmed.

The correct Plan as Confirmed and a confirmation order were entered on August 24, 2004.[1] Under the terms of the Plan as Confirmed, Debtors were obligated to pay unsecured creditors approximately 2% of their claims and any additional disposable income they might receive between March 1, 2004 and March 1, 2007. Slater Oil & L.P. Gas timely filed a proof of claim stating it held an unsecured claim against Debtors for $2,770.85, and so it was among the unsecured creditors to be paid pursuant to the terms of Debtors' Plan as Confirmed.

On September 6, 2007, Trustee Wein filed a notice stating Debtors were now eligible for a discharge because they had completed payments under the plan and had paid over any disposable income they had. In the notice, Trustee Wein also advised parties in interest to file a response to his notice if they believed Debtors were not eligible for a discharge.

Slater Oil & L.P. Gas, through president Kent Slater, filed a response on September 18, 2007. Therein, it stated it did not believe Debtors should be eligible for a discharge because they still owed Slater Oil $2,257.14. Trustee Wein responded on September 26, 2007. He reported unsecured creditors received a distribution of approximately 2.73% and Slater Oil & L.P. Gas had received $75.76 under the terms of Debtors' Plan as Confirmed.

The Court took the matter under advisement.[2]

*Discussion*. As established by title 11 of the United States Code, a debtor who files a bankruptcy case under chapter 13 must propose a plan to repay creditors. Section 1322 of title 11 governs the contents of a plan. Section 1325 sets forth the requirements for a plan to be confirmed.

---

[1] The Hon. Irvin N. Hoyt, presiding.

[2] Because no material facts were in dispute, an evidentiary hearing was not needed.

In re Heid
September 27, 2007
Page 3

Under § 1325(a)(4) in particular, creditors holding unsecured claims must receive as much as they would if the debtor had filed a chapter 7 bankruptcy, where the debtor's non exempt assets, to the extent any are available, are liquidated to pay claims. Section 1325(b) also requires a chapter 13 debtor to commit his disposable income to making plan payments if the case trustee or an unsecured claim holder so requests.

In this case, Trustee Wein insured Debtors' proposed plan complied with both § 1325(a)(4) and § 1325(b). He did so by filing an objection to Debtors' proposed plan and negotiating treatment that complied with title 11 and the applicable statutes thereunder.

Trustee Wein also insured Debtors complied with the terms of their Plan as Confirmed. Once he had made that determination, he filed the notice of eligibility for discharge, as required by Local Bankruptcy Rule 3072-2(b).

The response filed by Slater Oil & L.P. Gas does not state Debtors have failed to comply with their plan. That would be the only basis on which the Court could now deny Debtors a discharge of debts. Accordingly, since Debtors' Plan as Confirmed complied with the applicable statutes under title 11 and since Debtors complied with the terms of their Plan as Confirmed, they are eligible for a discharge of debts.

An order overruling Slater Oil & L.P. Gas' objection and an order granting Debtors' discharge will be entered.

Sincerely,

*[signature]*

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc:    case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached Service List.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

John W. Burke
P.O. Box 100
Belle Fourche, SD 57717-0100

Kent Montgomery Heid
25270 101st Street
Walker, SD 57659-7501

Elsie Katherine Heid
25270 101st Street
Walker, SD 57659-7501

Slater Oil & LP Gas
Kent Slater, President
PO Box 700
McLaughlin, SD 57642